UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Vinny's Landscaping, Inc.,

    Plaintiff,

v.       Case No. 16-10275

United Auto Credit Corporation, *et al.*,       Sean F. Cox
    United States District Court Judge

    Defendants.
_____/

## ORDER DENYING
## PREMATURE MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE

In cases involving statutory damages that are small in amount, like TCPA cases, Defendants often attempt to "pick off" the named plaintiff in a putative class action by making a Rule 68 offer of judgment that gives the named plaintiff all the relief that he or she would be able to obtain on their individual claim.

Some courts have ruled that you cannot "pick off" a named plaintiff in a putative class action if there is a motion for class certification pending. The Sixth Circuit has not ruled on this particular issue. Nevertheless, in order to try to stop the defendant from picking off the named plaintiff in a TCPA case, plaintiff's counsel sometimes file premature "placeholder" motions when they file a putative class action under the TCPA, or other statutes with small statutory damages. That is what Plaintiff's Counsel have done here.

In other cases involving this same scenario, this Court has denied such motions without prejudice. *See, eg. Wasvary v. WB Holdings, LLC,* 2015 WL 5161370 (E.D. Mich. 2015). In

1

doing so, this Court noted that other district courts have dismissed such motions as premature. *See Mey v. N. Am. Bancard, LLC,* 2014 WL 6686773 at * 2 (E.D. Mich. 2014); *Beaudry v. Telecheck Svs., Inc.*, 2010 WL 2901781 at *2 (M.D. Tenn. 2010); and *Minniti v. Eilers*, 302 F.R.D. 655 (S.D. Fla. 2014). In *Mey,* the district court dismissed a Motion for Class Certification that, like the one in this case, was filed simultaneously with the complaint, explaining:

> In this case, Plaintiff filed a motion for class certification simultaneously with her Complaint, but prior to serving Defendant and prior to any scheduling conference with the Court. Courts have held that the court need not hold in abeyance a class certification motion which the plaintiff intentionally filed prematurely. Courts typically dismiss premature motions. *See, Beaudry v. Telecheck Serv., Inc.*, 2010 WL 2901781, at *2 (W.D. Tenn. July 20, 2010). Plaintiff argues that without a pending class certification motion on the docket, the defendant, as in this case, would be able to frustrate the class-action process by settling with the named-plaintiff or by making a Rule 68 offer of judgment which would moot the individual claim. *Id*. Courts, however, have rejected a "placeholder" motion for class certification. *Id.*

*Id*. at *2.

This Court shall deny Plaintiff's Motion for Class Certification without prejudice because the motion is premature and there is neither a procedural rule nor any Sixth Circuit authority that allows for the filing of such premature, "placeholder motions."

Accordingly, the Court ORDERS that Plaintiff's premature Motion for Class Certification (Docket Entry No. 6) is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: January 27, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on

January 27, 2016, by electronic and/or ordinary mail.

                              S/Jennifer McCoy
                              Case Manager