UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Vinny's Landscaping, Inc.,

    Plaintiff,

v.                                                  Case No. 16-10275

United Auto Credit Corporation, *et. al.*,      Honorable Sean F. Cox

    Defendants.
_____/

**OPINION & ORDER
DENYING DEFENDANTS' MOTION TO DISMISS**

In this putative class action, Plaintiff Vinny's Landscaping, Inc., ("Plaintiff") alleges that Defendants violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, as amended by the Junk Fax Prevention Act of 2005 by sending an unsolicited facsimile advertisement to Plaintiff and a class of similarly situated persons.

The matter is currently before the Court on Defendants' motion to dismiss the complaint. (Doc. #19). Defendants advance two arguments in support of their motion: (1) the complaint fails to state a claim against any defendant because the fax sent is not an "advertisement" under the TCPA; and (2) the complaint fails to state a claim against the holding company defendants for "sending" the fax. Defendants' motion has been fully briefed. The Court finds that oral argument will not significantly aid in the decisional process. As such, the Court will rule based upon the briefs. E.D. Mich. L.R. 7.1(f). For the reasons that follow, the Court shall **DENY** Defendants' motion.

1

## BACKGROUND

**A.  Factual Background**

Plaintiff Vinny's Landscaping Inc.[1] brings this TCPA suit against the following defendants: (1) United Auto Credit Corporation ("UACC"); (2) United Panam Financial Corp. ("UPFC"); (3) Unitas Holdings Corp. ("UHC"); and (4) John Does 1-10[2]. (Doc. #1, Compl.).

Defendant UACC engages in non-prime automobile financing. (*Id*. at ¶ 11). UACC purchases, warehouses, secures and services automobile installment sales contracts originated by independent dealers. (*Id*. at ¶ 12). UACC serves high-risk consumers who have limited or impaired credit histories. (*Id*.).

Defendant UPFC is a bank holding company for UACC and allegedly manages the activities of its subsidiaries. (*Id*. at ¶ 11). According to Plaintiff, UPFC leads, directs and coordinates the operations of UACC. (*Id*. at ¶ 12). UHC is the holding company for UPFC and UACC and it allegedly controls, owns and manages UPFC and UACC. (*Id*. at ¶ 13).

**Allegations In Plaintiff's Complaint**

Plaintiff alleges that, on or about "December 5, 2012, Defendants transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A." (*Id*. at ¶ 16). The Fax contains UACC's logo and reads as follows:

## INTRODUCING OUR NEW BANKRUPTCY PROGRAM

---

[1] Doing business as San Marino Outdoor Services.

[2] Plaintiff alleges that John Does 1-10 are not presently known, but will be identified through discovery.

**Open Bankruptcies**
**No Recourse**
**Lower APR's**
**Longer Terms**
**No FICO Scoring**

*The Premier National Bankruptcy Lender*

## CONTACT YOUR AREA MANAGER TODAY!
**www.UnitedAutoCredit.net**

(Ex. A to Compl., the Fax) (emphasis in original). The fax further provides: "[t]o stop receiving faxes, please email marketing@unitedautocredit.net." (*Id.*). According to Plaintiff, the Fax constitutes an advertisement describing "the commercial availability or quality of Defendants' goods and services." (*Id.* at ¶ 2; *see also Id.* at ¶ 34).

Plaintiff alleges that Defendants did not have Plaintiff's prior invitation or permission to send advertisements to Plaintiff's fax machine. (*Id.* at ¶¶ 18, 34). Moreover, the Fax allegedly failed to display the proper opt-out notice as is required under the TCPA. (*Id.* at ¶ 21). Plaintiff asserts that, "on information or belief, Defendants faxed the same and other unsolicited facsimiles without the required opt-out language to Plaintiff and more than 25 other recipients or sent the same and other advertisements by fax with the required opt-out language but without first receiving the recipients' express permission or invitation." (*Id.* at 19).

According to Plaintiff: (1) all Defendants "receive revenue and benefit from the property, goods and services being advertised;" (2) all Defendants "receive some or all of the revenues from the sale of products, goods and services advertised on [the Fax];" and (3) all Defendants "profit and benefit from the sale of the products, goods and services advertised on [the Fax]." (*Id.* at ¶¶ 14, 17). In light of this, Plaintiff alleges that all defendants are "responsible parties"

under the TCPA. (*Id.*).

**B.     Procedural Background**

Plaintiff filed this putative class action on January 26, 2016. (Compl.). Plaintiff's complaint asserts a "Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 *et seq*." (*Id.* at p. 11). Plaintiff alleges that Defendants violated the TCPA by sending an unsolicited fax to Plaintiff and by failing to adhere to opt-out notice requirements. Plaintiff's complaint seeks to maintain this case as a class action, it seeks to enjoin Defendants from additional violations and it seeks monetary relief in the sum of $500 for each violation.

On January 27, 2016, Plaintiff filed "Plaintiff's 'Placeholder' Motion for Class Certification." (Doc. #6). On January 27, 2016, the Court entered an "Order Denying Premature Motion for Class Certification Without Prejudice." (Doc. #9).

In lieu of filing an Answer, Defendants UACC, UPFC and UHC filed the instant Motion to Dismiss. (Doc. #19, Def.s' Br.). Defendants argue that Plaintiff's complaint against all defendants fails as a matter of law because the challenged fax is not an advertisement. (*Id.* at 3). Defendants also argue that, even if the fax at issue is an advertisement, Plaintiff has failed to sufficiently allege that the bank holding defendants, UPFC and UHC, are the "senders" of the fax as is required under the TCPA. (*Id.* at 2). Plaintiff opposes Defendants' motion. (Doc. #22, Pl.'s Resp.).

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to

the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

## ANALYSIS

### A. Plaintiff Has Sufficiently Alleged A Claim Under The TCPA Against Defendants For Sending A Fax Advertisement

The TCPA prohibits the use of "any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine," unless certain statutory exceptions apply. 47 U.S.C. § 227(b)(1)(C). The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). If a fax is not an advertisement, then a plaintiff has no claim under the TCPA. 47 C.F.R. 64.1200(f)(1).

Defendants contend that Plaintiff's complaint must be dismissed because the "fax at issue is not an 'advertisement,'" and is therefore not regulated by the TCPA. (Def.s' Br. at 11). Defendants assert that, according to the Federal Communications Commission ("FCC"), informational and/or transactional communications are not commercial advertisements for purposes of the TCPA's facsimile rules. Defendants make several arguments to support the proposition that the fax at issue here is informational/transactional, thereby falling outside the

TCPA's purview.

Plaintiff counters that Defendants' attempts to place the Fax into one of the TCPA's "safe harbors" fails because "Defendants' cannot escape the text of the Fax – it is an open invitation to do new business with Defendants." (Pl.'s Resp. at 8).

The Court finds that Plaintiff's allegations, taken together with the Fax at issue here, are sufficient to withstand dismissal at the 12(b)(6) stage. Accordingly, the Court DENIES Defendants' request to dismiss Plaintiff's complaint on the basis that the fax is not an advertisement as a matter of law.

**1.     At This Early Stage, The Court Cannot Hold That the Fax Does Not Constitute An Advertisement As A Matter Of Law**

The Sixth Circuit first addressed the issue of whether or not a fax constitutes an advertisement under the TCPA in 2015. *See Sandusky Wellness Center, LLC v. Medco Health Solutions, Inc*. 788 F.3d 218, 221 (6th Cir. 2015) ("So were these faxes advertisements? It is a question of law our court has never addressed."). There, the Sixth Circuit determined that summary judgment was appropriate because the faxes at issue were not advertisements for purposes of the TCPA. While the facts in *Medco* differ from the facts presently before the Court, the Sixth Circuit's discussion can guide the Court's analysis here.

First, there is no dispute that a fax must advertise something in order to fall within the purview of the TCPA. *Id.* at 221. The Sixth Circuit has specified that "[a]dvertising is [t]he action of drawing the public's attention to something to promote its sale ... *or the action of calling something (as a commodity for sale, a service offered or desired) to the attention of the public ...*" *Id.* at 221-22 (internal citations and quotations omitted) (emphasis added). Second, the advertisement must be commercial in nature, which means it must have profit as the primary

aim. *Id.* at 222. Accordingly, for a fax to be an ad, it "must promote goods or services to be bought or sold, and it should have profit as an aim." *Id.*

Here, the Fax informs the recipient of UACC's new bankruptcy program, which includes: open bankruptcies, no recourse, lower APRs, longer terms and no FICO scoring. (*See* the Fax). The Fax directs the recipient to "**CONTACT YOUR AREA MANAGER TODAY!**" and it provides the recipient with UACC's website. (*Id.*) (emphasis in original). According to Plaintiff's complaint, the Fax constitutes an advertisement describing "the commercial availability or quality of Defendants' goods and services."

Considering the Fax here, together with the allegations in Plaintiff's complaint, the Court finds that the Fax's primary purpose could plausibly be construed as promoting the commercial availability of Defendants' new bankruptcy program. The fact that the Fax itself lists benefits of the program and urges the recipient to contact an area manager permits the Court to infer that it was sent with "profit as an aim," *i.e*. with the hope of attracting recipients to the new program. Defendants' arguments to the contrary are without merit for the reasons set forth below.

    **2.**    **Defendants' Arguments–That The Fax Is Not An Ad–Are Not Persuasive At This Stage In The Proceedings**

To bring the Fax at issue outside of the TCPA's reach, Defendants rely on the FCC's distinction between transactional/informational communications and commercial advertisements. Specifically, Defendants argue that the fax here "exhibits the [following] characteristics found not to be commercial advertisements on motions to dismiss: (1) it was intended for specific recipients already in a relationship with the sender; (2) it announces changes to a program relevant to those recipients; and (3) it does not offer anything for sale or contain any pricing, ordering or other sales information." (Def.s' Br. at 12-13).

The FCC–the agency charged with promulgating rules and regulations under the TCPA–has noted "that messages whose purpose is to facilitate, complete, or confirm a commercial transaction that the recipient has previously agreed to enter into with the sender are not advertisements for purposes of the TCPA's facsimile advertising rules." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Junk Fax Prevention Act of 2005*, 71 Fed. Reg. 25967, 25972 (May 3, 2006) (hereinafter, "*FCC Rules & Regs*"). The FCC explains that "[i]n order for for such messages to fall outside the definition of 'unsolicited advertisement,' they must relate specifically to existing accounts and ongoing transactions." *Id.* at 25973. The FCC provides, however, that "[m]essages regarding new or additional business would advertise 'the commercial availability or quality of any property, goods, or services ***' and therefore would be covered by the prohibition." *Id.*

The FCC has further provided that faxes "that contain only information, such as industry news articles, legislative updates, or employee benefit information, would not be prohibited by the TCPA rules." *Id.* at 25973.

### a.     Defendants' Argument That The Fax Was Intended For Specific Recipients Already In A Relationship With The Sender

First, Defendants argue that the fax, on its face, is tailored to a specific group of recipients already in a relationship with the sender. (*Id*. at 14). Essentially, Defendants argue that the "contact your area manager today!" language suggests that the intended recipients of the Fax are known parties who have "their own" area manager. Defendants contend that this is critical in demonstrating the Fax's informational purpose.

There are a number of problems with Defendants' position here. First, this argument is, at the very best, one way in which the Fax can be interpreted. However, it is not the only way.

The Fax could also be construed generally, *i.e.* that managers are assigned to certain areas and that the recipient's "area" determines who the recipient should contact if interested in the program.

Second, the Fax does not identify a specific group of recipients already in a relationship with Defendants. On its face, the Fax appears to be an open invitation to anyone interested in Defendants' new bankruptcy program.

Third, Defendants rely on factually distinct cases to support the proposition that TCPA claims have been dismissed at the 12(b)(6) stage when the fax merely communicates information relating to an existing account or relationship. Unlike the cases relied upon by Defendants, the facts here do not permit the Court to conclude that the Fax at issue is not an advertisement as a matter of law. For example, Defendants cite to *Physicians Healthsource, Inc. v. Multiplan Services, Corp.*, 2013 WL 5299134 (N.D. Ill. Sept. 29, 2013). In *Multiplan*, the defendants argued that the TCPA complaint failed to state a claim because the fax in question did not constitute an unsolicited advertisement as a matter of law. The court agreed, reasoning that "there are no facts to support that the facsimile was anything other than a transactional communication sent pursuant to an existing business relationship between [the plaintiff] and [Defendants]." *Id.* at *2.

Notably different than the Fax here, the fax at issue in *Multiplan* was addressed to the plaintiff; it included a member ID pertaining to the plaintiff; it included information regarding the provider network to which the plaintiff belonged; and it expressly indicated that the plaintiff received the fax because he was an existing member of Defendants' network. No such information can be found on the face of the Fax at issue here. In fact, the opposite is true here:

9

(1) the fax is not addressed to anyone; (2) the fax does not contain member-specific information; (3) the fax does not include information regarding any network to which the recipient could belong; and (4) the fax does not indicate that the recipient received the fax because he is an existing member of a certain network.

Defendants also rely on *P&S Printing LLC v. Tubelite, Inc*., 2015 WL 4425793 (D. Conn. July 17, 2015), arguing that it is directly on point. There, the court granted the defendant's motion to dismiss because it determined that the "fax's primary purpose, on its face, was to communicate information to current customers about a change in delivery schedule due to the labor day holiday." *Id.* at *1.

Notably different from the Fax here, the fax at issue in *P&S Printing* was a letter entitled "DFG–2014 Labor Day Schedule." *Id.* The fax was not addressed to the recipient plaintiff, but instead was addressed to "Big Horn Masonry." *Id.* The fax informed the recipient that Defendant would be closed on Labor Day and provided a revised schedule for the holiday. *Id.* The fax further noted that "Tubelite continues its commitment to provide you with the best service possible" and thanks the recipient for their "continued support and help in allowing [Tubelite] to provide [them] with this exceptional service." *Id.*

    **b. Defendants' Argument That The Fax Merely Provides Information Announcing Timely Changes To A Program**

Next, Defendants argue that the Fax is not a commercial advertisement because, on its face, it merely introduces changes to an existing "Bankruptcy Program." (Def.s' Br. at 16). Defendants contend that "[a] communication which announces changes to a program and provides up-to-date information to the recipient does not run afoul of the TCPA." (*Id*.).

Defendants' argument presupposes facts that cannot be gleaned from the face of the Fax.

The Fax does not contain language from which the Court can infer that it was sent with the intent to notify recipients of a change in a pre-existing program that the recipients are already a part of. Instead, the Fax introduces a new bankruptcy program. This is precisely the type of message that the FCC has cautioned against: any message regarding new or additional business would constitute commercial advertisement under the TCPA. *FCC Rules & Regs* at 25973.

        **c.**     **Defendants' Argument That The Fax Does Not Offer Anything For Sale Or Contain Pricing, Ordering, Or Other Sales Information**

Defendants mistakenly rely on the Sixth Circuit's decision in *Medco*, for the proposition that the Fax here "cannot be characterized as an advertisement because it does not offer to sell anything to the recipient, and the recipient does not have an opportunity to buy anything." (Def.s' Br. at 17).

First, the Sixth Circuit does not stand for the proposition that a fax must overtly offer to sell something in order for it to constitute an ad. Defendants quote the Sixth Circuit's statement, that "material that advertises something promotes it to the public as *for sale*," *Medco*, 788 F.3d at 222, without taking into consideration its context. Directly preceding this statement, the Sixth Circuit defined advertising as either: (1) the action of drawing the public's attention to something to promote its sale; or (2) the action of calling something, *i.e.* a service offered or desired, to the attention of the public. Here, the latter has occurred: the Fax calls Defendants' new bankruptcy program to the attention of the recipient.

Second, the Sixth Circuit in *Medco* disposed of the TCPA claim on summary judgment. Here, the Court does not have the benefit of reviewing record evidence. Relying on the evidence before it, the Sixth Circuit held that: (1) there was no evidence to suggest that the items and services described in the faxes were for sale by the defendant; (2) there was no evidence to

11

suggest that the defendant had any interest in soliciting business from the recipient; (3) there was no evidence to suggest that the fax promoted the items or services in a commercial sense; and (4) there was no evidence to suggest that the defendant hoped to attract customers by sending the faxes. *Id.*

Unlike in *Medco*, the Fax at issue here, together with Plaintiff's allegations, permits the Court to plausibly infer that Defendants' bankruptcy program is commercially available to recipients and Defendants are interested in soliciting business from the recipient. Defendants' remaining arguments as to this point are without merit and the cases relied upon to further support these arguments are factually distinct.

**B.  Plaintiff Sufficiently Alleges A TCPA Claim Against The Holding Company Defendants For "Sending" The Fax**

Defendants argue that, even if Plaintiff has sufficiently alleged that the Fax at issue is an advertisement, Plaintiff's complaint fails to plausibly allege that holding company defendants UHC and UPFC are the "senders" of the Fax. Specifically, Defendants argue that "there are no allegations that these holding company defendants directed the fax to be sent, or that the fax advertised promoted their goods or services." (Def.s' Br. at 8). Defendants further contend that "general control or influence is not sufficient to hold a parent [company] liable for the alleged acts of a subsidiary." (*Id.* at 9).

Plaintiff responds that it is "too early" to conclusively determine whether or not the holding company defendants are "senders" of the Fax, as defined under the TCPA regulations. (Pl.'s Resp. at 24). Plaintiff further asserts that it has alleged conduct by all Defendants and that it has therefore put the bank holding defendants on notice as to the nature of the claim asserted against them. (*Id.* at 22-23).

12

The Sixth Circuit has instructed that at this "early stage," courts should "take into account economic or logistical circumstances that prevent [plaintiffs] from obtaining evidence supporting [their] claim[s] and adjust the plausibility threshold appropriately to account for these difficulties." *El-Hallani v. Huntington Nat'l Bank*, 623 F. App'x 730, 735 (6th Cir. 2015). As such, the Court agrees with Plaintiff. The Court shall DENY the request to dismiss the holding company defendants at this stage in the proceedings.

1. **Plaintiff Has Alleged Enough Against The Holding Company Defendants To Withstand Dismissal At This Early Stage In The Proceedings**

The FCC's TCPA regulations define "sender" as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(10).

As to holding company defendants UPFC and UHC, Plaintiff alleges the following: (1) UPFC is a bank holding company for UACC; (2) UHC is a bank holding company for UPFC and UACC; (3) UPFC leads, directs and coordinates the operations of UACC; (4) UHC controls, owns and manages UPFC and UACC; (5) all defendants sent an unsolicited fax advertisement to Plaintiff; (6) all defendants receive revenue and benefit from the services being advertised in the Fax at issue; (7) all defendants profit from the sale of the services being advertised in the Fax at issue; and (8) all defendants are "responsible parties" under the TCPA.

Absent from Defendants' brief is any argument as to why the allegations above fail to raise the plausible inference that the Fax was sent ***on behalf of*** defendants UPFC and UHC. While it is true that the Fax itself fails to reference either UPFC and UHC, the allegations above allow the court to infer that the fax could have been sent at the holding company defendants' direction since these defendants allegedly manage or lead/direct/coordinate UACC's operations.

13

Plaintiff has also alleged that UPFC and UHC benefit and profit from the sale of the service advertised in the Fax.  This allegation entitles Plaintiff to the inference that the bankruptcy program advertised could plausibly belong to the holding company defendants as well as UACC.

Moreover, Plaintiff alleges that all of the defendants sent the Fax at issue here.  Thus, Defendants' argument–that Plaintiff has failed to plead factual allegations regarding UHC and UPFC's direct involvement–is without merit.  The cases relied upon to support this argument are factually distinct from the case here.

## CONCLUSION & ORDER

For the foregoing reasons, the Court concludes that Plaintiff has alleged enough to withstand dismissal at the 12(b)(6) stage.  Accordingly, Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 14, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Vinny's Landscaping, Inc.,

    Plaintiff,

v.                                                 Case No. 16-10275

United Auto Credit Corporation, *et. al.*,      Honorable Sean F. Cox

    Defendants.

_____/

**PROOF OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2016, by electronic and/or ordinary mail.

                                                       S/Jennifer McCoy
                                                       Case Manager